**VERMONT SUPREME COURT**
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



Case No.     26-AP-023

*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

**ENTRY ORDER**

JULY TERM,   2026

Cheryl O'Donnell v. Hope Clough\*

}
}
}

APPEALED FROM:
Superior Court, Orange Unit, Civil Division
CASE NO. 23-ST-00425
Trial Judge: H. Dickson Corbett

In the above-entitled cause, the Clerk will enter:

Defendant appeals pro se from the civil division's second extension of an anti-stalking order against her.  We affirm.

This is defendant's third appeal to this Court in this matter.  The parties are neighbors in Bradford, Vermont who were previously involved in litigation over ownership of a right-of-way.  See O'Donnell v. Clough, No. 25-AP-088, 2025 WL 2589467 (Vt. Sept. 5, 2025) (unpub. mem.) (affirming declaratory judgment in favor of plaintiffs).  In May 2023, plaintiff filed a complaint alleging that defendant had been stalking and harassing her.  Following a final hearing at which both parties appeared and testified, the court ordered defendant to stay away from plaintiff and to stay fifty feet away from the undisputed boundary line between their properties.  Defendant appealed to this Court, and we affirmed the order in May 2024.  O'Donnell v. Clough, No. 23-AP-359, 2024 WL 2854705 (Vt. May 10, 2024) (unpub. mem.).

In July 2024, plaintiff moved to extend the anti-stalking order for an additional year after she observed and filmed defendant clearing brush within fifty feet of the undisputed boundary line, in violation of the order.  The court held a hearing at which both parties testified.  At the conclusion of the hearing, the court extended the order for an additional year.  The court clarified that defendant was not to enter upon plaintiff's property, including any property claimed by plaintiff outside the established right-of-way.  Defendant was permitted to use the right-of-way for ingress and egress as long as she stayed away from plaintiff.  Defendant was not permitted to cut, prune, or perform any maintenance on the right-of-way.  Defendant appealed, and we affirmed in May 2025.  O'Donnell v. Clough, No. 24-AP-350, 2025 WL 1355970, at \*3 (Vt. May 9, 2025) (unpub. mem.).

In September 2025, plaintiff moved to extend the anti-stalking order for a second year.  Plaintiff alleged that in July 2025, she again observed defendant clearing brush within fifty feet of the parties' boundary line and called the state police, who were investigating the incident.

Defendant filed a written opposition to the motion in which she disputed the court's findings in the original stalking order and argued among other things that plaintiff was using the stalking case to relitigate the property dispute.

At the initial motion hearing in October 2025, defendant appeared remotely, having recently been released from the hospital. Defendant had difficulty hearing and being heard by others in the courtroom over the phone. The court continued the hearing for a month and directed both parties to appear in person. The court stated that if defendant was unable to appear, she was required to present a doctor's note explaining why and stating when she would be able to appear. The court extended the anti-stalking order pending a final decision on the extension motion.

Prior to the rescheduled hearing in November 2025, defendant submitted a doctor's note stating that defendant was physically disabled due to a serious medical condition and could not attend the hearing in person. The court continued the hearing to permit defendant's health to improve and indicated that it would set a new in-person hearing for December 2025. In late November, defendant moved to dismiss the case with prejudice, asserting that compelling her to participate would endanger her life; she also repeated her attacks on the underlying order and alleged that plaintiff had stolen her property, trespassed on her land, and filed false police reports.

Defendant did not appear at the December 2, 2025 hearing. The court found that defendant was provided with notice of the hearing and decided to proceed in her absence. Plaintiff testified that in July 2025, defendant came onto plaintiff's lawn and "was throwing sticks and breaking off little trees," and told plaintiff: "You get out of here. I own this land. I can do what I want." Plaintiff called the police, who walked defendant home. Plaintiff testified that in the right-of-way litigation, the superior court had ruled that plaintiff's family owned the land and that defendant could only use the right-of-way for ingress and egress and had no right to maintain it. Plaintiff denied the allegations defendant made against her in her motion to dismiss.

The court found that defendant violated the anti-stalking order by pruning or cutting brush within the right-of-way. Defendant continued to assert ownership over plaintiff's property despite the court's decision in the right-of-way litigation and had been criminally charged with violating the anti-stalking order within the past year. The court concluded that "the tensions and emotions that occasioned the need for the initial anti-stalking order are still present" and the order was necessary to protect plaintiff. It therefore extended the order for an additional year. The court denied defendant's motion to dismiss the case, concluding that neither defendant's medical condition nor her arguments regarding prior court proceedings and discovery justified dismissal. Defendant appealed.

Defendant first argues that the court deprived her of due process by holding the hearing without her because she had previously provided a doctor's letter indicating that she was incapable of participating in legal proceedings. In an anti-stalking case, "[d]ue process of law . . . requires that [a] defendant receive notice and an opportunity to be heard." State v. Mott, 166 Vt. 188, 192 (1997), overruled in part on other grounds by Hinkson v. Stevens, 2020 VT 69, 213 Vt. 32. The record shows that defendant was sent notice of the December 2025 hearing; defendant does not assert otherwise. She moved to dismiss the case due to her health and other reasons, but she did not request a continuance of the hearing. The court did not rule on defendant's motion prior to the hearing or give any other indication that defendant was no longer expected to appear. According to defendant, she was not mentally incapacitated, and she had

previously sought and obtained two continuances, indicating that she knew how to obtain such relief. Under these circumstances, we conclude that defendant was provided with notice and an opportunity to be heard consistent with due process. See id. at 193 (concluding incarcerated defendant was not deprived of due process when court proceeded with final anti-stalking hearing in his absence where defendant received notice of order but failed to request transport and nothing indicated he would have attended hearing if he had been transported).

Defendant next argues that the court's findings at the hearing were clearly erroneous because plaintiff's testimony was uncorroborated by other witnesses or documentary evidence and defendant's criminal cases were eventually dismissed. In an appeal from an anti-stalking order, the "court's factual findings will not be disturbed on appeal unless clearly erroneous when viewed in the light most favorable to the prevailing party." Swett v. Gates, 2023 VT 26, ¶ 20, 218 Vt. 76 (quotation omitted). "We leave it to the trial court, as factfinder, to determine the credibility of witnesses and the persuasive effect of the evidence," and "will uphold the trial court's conclusions where they are reasonably drawn from the evidence presented." Id. (quotation and alteration omitted). The court's findings regarding defendant's behavior are not clearly erroneous as they are supported by plaintiff's testimony regarding facts within her own knowledge. See Landmark Trust (USA), Inc. v. Goodhue, 172 Vt. 515, 520 (2001) ("That the court chose plaintiffs' evidence rather than defendants', and credited plaintiffs' theory of the case as more supportable is not grounds for error."). As for the court's findings regarding the criminal proceedings against defendant, the record indicates that those cases were not dismissed until December 11, 2025 and January 7, 2026, respectively, after the hearing in this case occurred. Because the cases remained pending when the court made its findings regarding the criminal proceedings, we see no error.

Defendant also contends that the court erred in granting the extension because the facts alleged by plaintiff at the hearing did not demonstrate a course of conduct, as required to issue a stalking order. However, 12 V.S.A. § 5133(e) makes clear that no such finding is necessary. The statute provides that the court may extend an anti-stalking order "for such additional time as it deems necessary to protect the plaintiff or the plaintiff's children, or both. It is not necessary for the court to find that the defendant stalked . . . the plaintiff during the pendency of the order to extend the terms of the order." 12 V.S.A. § 5133(e). The court acted within its discretion in extending the order here. See Raynes v. Rogers, 2008 VT 52, ¶ 9, 183 Vt. 513 (explaining that anti-stalking order is reviewed for abuse of discretion). The court concluded that an extension of the order was necessary to protect plaintiff based on the criminal proceedings against defendant, her continued assertion of ownership over the right-of-way, and the findings in the original order. The court's decision was reasonable in light of the record, and we therefore decline to disturb it.

Finally, defendant contends that the court failed to consider the larger context of the property dispute and her legally protected property rights. This argument lacks merit. In its 2025 order, the court acknowledged the civil litigation and defendant's claim that she had the right to use and maintain the right-of-way, but nevertheless prohibited her from cutting, pruning, or performing any maintenance on the right-of-way. As plaintiff testified at the hearing, the civil litigation concluded in March 2025 with an order finding that plaintiff owned the right-of-way and prohibiting defendant from personally performing maintenance on the right-of-way. At the December 2025 hearing, the court found that despite this order, defendant continued to assert ownership over the property. The court's finding is supported by plaintiff's testimony about defendant's actions. In defendant's own filings in this case, she argued that she owned the land and had the right to maintain it. Defendant's disagreement with the outcome of the property dispute did not excuse her noncompliance with the previous stalking orders. See Mott, 166 Vt.

at 191 ("We do not generally allow a person who is under a court order to challenge it by violating it.").

We note that, in her brief, defendant repeatedly cited a purported decision of this Court, "Hering v. Gurdak, 2014 VT 56." The citation provided by defendant corresponds to a different opinion than that named and does not support the proposition for which it was cited. We were unable to identify any existing opinion of this Court that defendant may have been intending to reference through this citation. A party's citation to fake authority to support an argument on appeal materially undermines the force of the argument, not to mention the credibility of the person submitting the brief. We remind defendant that, by presenting a document to this Court, she is certifying that "to the best of [her] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," the claims, defenses, and other legal contentions contained in that filing "are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." V.R.C.P. 11(b)(2); see V.R.A.P. 25(d)(2) ("By presenting a document to the Court—whether by signing, filing, submitting, or later advocating it—an attorney or self-represented party is making the certification provided by V.R.C.P. 11(b) as to that paper."). Although self-represented litigants like defendant "receive some leeway from the courts," they are nonetheless bound by the ordinary rules of procedure, "includ[ing] the obligations of Rule 11 and sanctions for noncompliance." Zorn v. Smith, 2011 VT 10, ¶ 22, 189 Vt. 219. Defendant is warned that future conduct of this nature may result in sanctions. See V.R.A.P. 25(d)(3).

Affirmed.

BY THE COURT:


_____
Harold E. Eaton, Jr., Associate Justice


_____
Nancy J. Waples, Associate Justice


_____
Michael P. Drescher, Associate Justice